UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

VICTOR RUIZ,

    Plaintiff

v.

JUDGE ALVIN KACIN, et al.,

    Defendants

Case No.: 3:23-cv-00282-MMD-CSD

**Order**

    Plaintiff is an inmate in the custody of the Elko County Jail, and he filed his civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1-1.) The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* (IFP). The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, and liabilities." LSR 1-1. When a prisoner seeks to proceed without prepaying the filing fee, in addition to filing the affidavit, the prisoner is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

    When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Thereafter, whenever the

prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $402, consisting of the $350 filing fee and a $52 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $402 filing fee. If the inmate qualifies for IFP status, the $52 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

Plaintiff filed an IFP application, but the financial certificate is not signed by an authorized officer from the Elko County Jail and does not set forth his average monthly balance and average monthly deposits for the last six months. Nor does it contain a certified copy of his trust fund account statement (or institutional equivalent) for the six-month period preceding the filing of the complaint. Therefore, the IFP application (ECF No. 1) is **DENIED WITHOUT PREJUDICE**.

The Clerk shall **SEND** Plaintiff a copy of the instructions and application to proceed IFP for an inmate. Plaintiff has **30 days** from the date of this Order to either file his completed IFP application with a financial certificate that is signed by an authorized official from the Elko County Jail that sets forth the average monthly balance and average monthly deposits for the last six months, as well as a certified copy of his trust fund account statement (or institutional equivalent) for the six-month period preceding the filing of the complaint. Alternatively, Plaintiff may pay the full $402 filing fee.

Once Plaintiff has filed his completed IFP application or paid the filing fee, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both

require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

The court notes that Plaintiff's complaint sues two Elko County judges and two of his court-appointed lawyers related to his underlying criminal charges. Plaintiff is advised that it is likely his complaint will be dismissed with prejudice on screening because judges have absolute immunity for acts performed in their official capacity, and his court appointed attorneys are not state actors that may be sued under section 1983. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002); *Szijarto v. Legeman*, 466 F.2d 864 (9th Cir. 1972) (per curiam). In the event this action is dismissed with prejudice, Plaintiff will still be responsible for paying the $350 filing fee if he is granted IFP status.

Alternatively, if Plaintiff is challenging the fact of or duration of his confinement, such a claim is cognizable only through a petition for writ of habeas corpus after exhausting applicable state remedies. If this is Plaintiff's intent, he should notify the court within 30 days and this action will be dismissed without prejudice so that he may pursue a habeas petition.

If Plaintiff fails to timely file a completed IFP application or pay the filing fee, this court will recommend dismissal of this action without prejudice.

**IT IS SO ORDERED**.

Dated: August 7, 2023

_____
Craig S. Denney
United States Magistrate Judge