UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR RUIZ,<br><br>                      Plaintiff,<br>    v.<br>ALVIN KACIN, *et al.*,<br><br>                     Defendants. | Case No. 3:23-cv-00282-MMD-CSD<br><br>ORDER |

    *Pro se* Plaintiff Victor Ruiz, who is an inmate in the custody of the Elko County Jail, brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 7), recommending that the Court grant Ruiz's application to proceed *in forma pauperis* ("IFP") (ECF No. 5), deny Ruiz's other IFP applications (ECF Nos. 1, 6) as moot, and dismiss the action with prejudice. Ruiz had until November 3, 2023 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R in full and dismisses this action.

    Because there is no objection, the Court need not conduct de novo review and is satisfied Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original). Here, Judge Denney recommends dismissing this action with prejudice because Ruiz is suing judges for acts performed in their official capacity and court-appointed attorneys involved with his underlying criminal case. (ECF No. 7 at 6.) The Court agrees with Judge Denney that judges have absolute immunity from suit for acts performed in their official capacity and that attorneys are not state actors that may be sued under Section 1983. *See In re*

*Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) ("Anglo-American common law has long recognized judicial immunity, a 'sweeping form of immunity' for acts performed by judges that relate to the 'judicial process.'"); *Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972) ("[A]n attorney, whether retained or appointed, does not act 'under color of' state law."). Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 7) is accepted and adopted in full.

It is further ordered that Ruiz's IFP application (ECF No. 5) is granted and his other IFP applications (ECF Nos. 1, 6) are denied as moot. Ruiz will not be required to pay an initial partial filing fee. However, even though this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, under 28 U.S.C. §1915, as amended by the Prison Litigation Reform Act.

It is further ordered that, under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, monthly payments will be forwarded from the prison account of Victor Ruiz to the Clerk of Court in the amount of 20% of the preceding month's income credited to his account (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.

The Clerk of Court is directed to send copies of this order to the Finance Division of the Clerk's Office and to the attention of Chief of Inmate Services for the Elko County Jail, 775 West Silver Street, Elko, NV 89801.

The Clerk of Court is further directed to file the complaint (ECF No. 1-1).

It is further ordered that this action is dismissed with prejudice, as amendment would be futile.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 8th Day of November 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE